# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00980-REB -KMT

DJS ONE, INC., a Colorado corporation

    Plaintiff

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for COMMUNITY BANKS OF COLORADO

    Defendant.

## STIPULATED PROTECTIVE ORDER

    1.    It is hereby ordered that any disclosure of documents and information, including nonpublic private financial information, confidential and private financial documents, records, and information which the Federal Deposit Insurance Corporation as Receiver for Community Banks of Colorado is mandated to protect pursuant to constitutional, federal, state, statutory, and/or case law (including, but not limited to: account numbers, loan files, applications, personal income and financials, social security numbers, and loan payment history, etc.) shall be made pursuant to the provisions set forth in this protective order ("Protective Order").

    2.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former customers, accountholders, borrowers, or others associated with Community Banks of Colorado as described in Paragraph 1.

5. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including 4 designated representatives for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

7.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

8.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

9.      Documents may be designated as CONFIDENTIAL only when reviewed by an attorney for the party making the designation who, based upon a good faith belief, certifies that information contained therein is confidential or otherwise entitled to protection.

10.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

13. By entering into this Protective Order, the Court does not intend to create any presumption with regard to the actual confidentiality of any such material, or to alter the normal burden of proof necessary for obtaining a Protective Order from the Court with respect to particular documents. Any dispute among the parties as to the confidentiality of any specific material shall be resolved pursuant to Paragraph 14 of this Protective Order.

14. If any party in this case believes any designated material produced in discovery does not contain confidential and private financial documents, records and information, it may

contest the application of this Protective Order to such material by notifying the attorneys for the producing party and other parties, identifying the material, and filing a motion with the Court, under seal, or the release of the materials from coverage under this Protective Order. As to any produced material for which such a motion is not made or the requested relief is not granted, such material shall remain within the scope of the Protective Order. The producing party claiming confidential and protected status shall have the burden of establishing the same with respect to any documents produced or created, but all parties to the Protective Order agree to be bound by this Protective Order pending resolution of the document status if such a document status is challenged.

15. Nothing in this Protective Order shall prevent a party from using Confidential information protected by this Protective Order during mediation, arbitration, deposition, trial or any other proceeding in this civil action. All materials filed, lodged or entered into evidence with the Court which contain or make reference to Confidential information, and any pleading or memorandum purporting to reproduce, attach or paraphrase such Confidential information, shall be filed with the Court under restriction pursuant to procedures outlined in D.C.Colo.LCivR 7.2. The parties to this Protective Order are aware that D.C.Colo.LCivR 7.2(c) requires a Motion to Restrict to be filed whenever a party seeks to file documents under restriction and that "stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction." D.C.Colo.LCivR 7.2(c) (2) (2014).

16. Should the parties need to use Confidential Information during mediation, arbitration, deposition, trial, or any other proceeding in this civil action for which electronic filing subject to D.C.Colo.L.CivR 7.2 is unavailable, all materials filed, lodged or entered into evidence which contain or make reference to Confidential information, and any pleading or

memorandum purporting to reproduce, attach or paraphrase such protected materials, shall be filed and placed in sealed envelopes or other appropriate containers on which shall be endorsed the caption of the case, the label "CONFIDENTIAL INFORMATION" or similar wording in a statement substantially in the following form:

> In this envelope contains documents and information designated as CONFIDENTIAL and shall not be opened, nor the contents thereof displayed or revealed, except in the manner as provided by the Protective Order entered by this The United States District Court for the District of Colorado in Civil Action No. 14-cv-00980-REB-KMT..

17.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

DATED this 21st day of August, 2014.

_____
Kathleen M. Tafoya
United States Magistrate