**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00980-REB-KMT

DJS ONE, INC., a Colorado corporation,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for COMMUNITY BANKS OF COLORADO,

    Defendant.

## ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) the **Motion to Dismiss Complaint of Plaintiff DJS One, Inc. for Failure of Subject Matter Jurisdiction** [#11][1] filed June 18, 2014; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#36] filed December 31, 2014. The plaintiff filed objections [#38] to the recommendation, and the defendant filed a response [#39] to the objections. I overrule the objections, approve and adopt the recommendation, and grant the motion to dismiss.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, the response to the objections, and the applicable law.

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. BACKGROUND

This case concerns a loan purchase agreement between the plaintiff, DJS One, Inc., and Community Banks of Colorado (CBC). The agreement was executed on September 20, 2011, with a scheduled closing date of November 30, 2011. DJS One sought to purchase a loan owed by Nevada Ridge, LLC to CBC. The loan purchase agreement was designed to avoid a default on the loan by Nevada Ridge. On October 21, 2011, one month after the agreement was executed and little more than one month before the scheduled closing date, CBC failed as a banking entity. On the same day, the defendant, the Federal Deposit Insurance Corporation (FDIC-R) was appointed as receiver for CBC. The closing on the loan purchase agreement did not occur. The loan that was the subject of the loan purchase agreement was transferred by the FDIC-R to Bank Midwest, N.A., which later became NBH Bank, N.A.

No later than January 17, 2012, the plaintiff, DJS One, learned that the FDIC-R had been appointed as receiver for CBC. DJS One did not file a proof of claim with FDIC-R on or before January 25, 2012, the deadline for filing a claim with the FDIC-R concerning its CBC receivership. That deadline often is known as the claims bar date. It was not until October 2, 2013, that DJS One filed a claim with the FDIC-R concerning the loan purchase agreement. The FDIC-R disallowed the claim as untimely.

In its complaint in this case, DJS One asserts two claims against the FDIC-R. First, DJS One asserts a breach of contract claim, the claim is asserted in its proof of claim with the FDIC-R. DJS One claims the FDIC-R breached the loan purchase agreement of CBC, in which CBC agreed to sell the loan to DJS One. It appears that DJS One sought specific performance of the loan sale contract in its proof of claim.

*Complaint* [#1] ¶ 7.  In its complaint [#1] in this case, DJS One seeks specific performance or, in the alternative, damages based on the alleged breach of contract. Second, DJS One seeks an order requiring the FDIC-R to reconsider its disallowance of the claim of DJS One.  DJS One seeks reconsideration by the FDIC-R because DJS One claims it did not have proper and timely notice of the role of the FDIC-R as receiver for CBC.  Absent such notice, DJS One contends, it should have been granted additional time to file its claim with the FDIC-R.

## II.  ANALYSIS

In its motion to dismiss, the FDIC-R argues that the court lacks subject matter jurisdiction to consider the claims of DJS One under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA).  12 U.S.C. § 1821 et seq.  The FIRREA establishes an administrative procedure through which the FDIC adjudicates claims asserted against failed financial institutions.  In her recommendation, the magistrate judge provides a detailed analysis of the FIRREA administrative procedure applicable to the claim of DJS One, including an analysis of the claims bar date established in FIRREA, the reasons that deadline may be extended in certain circumstances, and the specific facts alleged in the complaint [#1].  Ultimately, the magistrate judge concludes that DJS One failed to file a timely claim concerning the loan purchase agreement and that DJS One does not qualify for any of the exceptions which can extend the claims bar deadline.  Based on my *de novo* review, I concur.

In its objection to the recommendation, DJS One asserts four objections: (1) that the magistrate judge improperly applied the rule stated in **Homeland Stores, Inc. V RTC**, 17 F.3d 1269 (10th Cir. 1994); (2) that the magistrate judge did not rule on the

issue of repudiation under 12 U.S.C. § 1821(e); (3) that the magistrate judge applied incorrectly 12 U.S.C. § 1821(d)(5)(C)(ii), which allows for untimely claims in certain circumstances; and (4) that the magistrate judge improperly found the excuse and notice arguments of DJS One to be invalid.  The response of FDIC-R [#39] addresses each of these contentions.

For the reasons stated by the magistrate judge in the recommendation [#36] and by the FDIC-R in the response [#39], I conclude that the rule stated in ***Homeland Stores, Inc. V RTC***, 17 F.3d 1269 (10th Cir. 1994) is not applicable to this case.  Most notably, the claim of DJS One arose before the claims bar deadline.  In ***Homeland***, the claim in question arose after the claims bar deadline. This distinction makes a dispositive difference when applying ***Homeland***.  For the reasons detailed in the response [#39], the repudiation argument of DJS One is not valid.  Most notably, a closing for the loan sale agreement was never held, and other courts, in related litigation, have held that the lack of a closing terminated the right of DJS One to enforce the agreement.  *Response* [#39], p. 8.  In turn, absent an enforceable agreement, the repudiation argument of DJS One fails.

DJS One claims the notice it received indicating that the FDIC-R was receiver for CBC was not adequate to trigger the claims bar deadline.  DJS One relies on 12 U.S.C. § 1821(d)(5)(C)(ii).  The magistrate judge analyzes this issue thoroughly and applies the statutory provision correctly.  For the reasons stated by the magistrate judge in the recommendation [#36] and by the FDIC-R in the response [#39], I conclude that DJS One was not entitled to an extended deadline under 12 U.S.C. § 1821(d)(5)(C)(ii). Finally, for the reasons stated by the magistrate judge in the recommendation [#36] and

4

by the FDIC-R in the response [#39], I conclude that the other excuse and notice arguments of DJS One are unavailing.

If a claimant fails to present a claim to the FDIC-R by the claims bar date and there is no valid reason to extend that deadline, then the claim "shall be disallowed and such disallowance shall be final." 12 U.S.C. § 18219d)(5)(C)(I). As discussed by the magistrate judge, some courts find a failure to meet the claims bar deadline to deprive a federal court of jurisdiction over a case involving a claim that is so barred. *Recommendation* [#36], pp. 6-7 n. 2. Other courts find that an untimely claim does not defeat jurisdiction, but is akin to the expiration of a statute of limitations. *Id.* Under either interpretation, the claim of DJS One must be dismissed.

### III.  CONCLUSION & ORDERS

The analysis of the magistrate judge is correct. I overrule the objections [#38] of the plaintiff and approve and adopt the recommendation [#36] as an order of this court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate** Judge [#36] filed December 31, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections stated in **Plaintiff's Objection to Magistrate Judge's Recommendation To Dismiss** [#38] are **OVERRULED**;

3. That under Fed. R. Civ. P. 12(b)(6), the **Motion to Dismiss Complaint of Plaintiff DJS One, Inc. for Failure of Subject Matter Jurisdiction** [#11] filed June 18, 2014, is **GRANTED**;

4. That the claims asserted in the **Complaint** [#1] are **DISMISSED** with prejudice;

5

5.  That **JUDGMENT SHALL ENTER** in favor of the defendant, Federal Deposit Insurance Corporation, as Receiver for Community Banks of Colorado, against the plaintiff, DJS One, Inc., a Colorado corporation;

6.  That the defendant is **AWARDED** its costs, to be taxed by the clerk of the court in the time and manner specified by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

7.  That the combined Trial Preparation Conference and Final Pretrial Conference set May 29, 2015, at 10:30 a.m., and the bench trial set to begin June 8, 2015, are **VACATED**;

8.  That the motion to vacate scheduling order and continue trial [#32] filed December 23, 2014, is **DENIED** as moot;

9.  That the the **Recommendation of United States Magistrate** Judge [#37] filed January 5, 2015, which addresses the motion to continue trial [#32], is **TERMINATED** on the docket as moot; and

10.  That this case is **CLOSED**.

Dated March 11, 2015, at Denver, Colorado.

                                        **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge